# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EVERLY K. HATFIELD**
    **Petitioner,**

**v.**                      **No. 3:12-cv-01110-DRH**

**UNITED STATES OF AMERICA**
    **Respondent.**

## ORDER

**HERNDON, District Judge:**

Before the Court is petitioner Everly Hatfield's ("petitioner") Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. 50). The government opposes (Doc. 58). Based on the following, the motion is **DENIED** for lack of subject matter jurisdiction.

## II. BACKGROUND

On December 3, 2010, petitioner was sentenced to a total of 360-months imprisonment followed by 3-years of supervised release after being found guilty of one count of Conspiracy to Unlawfully Enter Pharmacies to Steal Controlled Substances pursuant to 18 U.S.C. § 2118(b), (d) and one count of Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substances pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. *See* Amended Judgment, United States v. Hatfield et al., No. 3:08-cr-30020-DRH-PMF-2 (S.D. Ill. Mar. 23, 2009), ECF No. 336.

On June 8, 2017, petitioner filed a Rule 60(b)(6) Motion for Relief from Judgment arguing he was sentenced in error—under both *United States v. Lawler*, 818 F.3d 281 (7th Cir. 2016) and *Krieger v. United States*, 842 F.3d 490 (7th Cir. 2016) (Doc. 50 at 5). Specifically, petitioner argued that defense counsel objected to the 2D1.1 United States Sentencing Guideline enhancement applied during sentencing in the event a change in the law was to occur (Doc. 50 at 5). Petitioner contends under *Lawler*, the Court erred by applying § 2D1.1(a)(2) because death was not a result of a conviction for distribution of heroin and conspiracy to process heroin with intent to deliver (*Id.* at 6); and further, under *Krieger*, *Lawler* is now retroactive (*Id.* at 7). For relief, petitioner requests vacation of the § 2D1.1(a)(2) enhancement (*Id.* at 9).

In response, the government filed a Motion to Dismiss the Rule 60(b) motion on the ground of procedural default because petitioner failed to raise—on direct appeal—that the determination of his base level offense enhanced by § 2D1.1(a)(2) should have been proven "beyond a reasonable doubt" as opposed to "preponderance of the evidence" (Doc. 58-1). The government points out petitioner could not have raised his instant Rule 60(b) argument during direct appeal because, at the time, the § 2D1.1(a)(2) enhancement was applied properly (*Id.* at 5). Further, petitioner's motion—while labeled "Motion Pursuant to Rule 60(b)(6)"—in actuality is a successive 28 U.S.C. § 2255 petition for habeas relief, and neither *Lawler* nor *Krieger* announce a new and retroactive rule of

constitutional law required under Rule 60(b) (*Id.* at 7-8). As a result, the government requests dismissal for lack of subject matter jurisdiction (*Id.* at 9).

## II. ANALYSIS

Rule 60 of the Federal Rules of Civil Procedure governs the method for obtaining relief from final judgments, *see* FED. R. CIV. P. 60; *see also Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989), and is accessible to litigants who intend to reinstate previously dismissed habeas petitions "provided that the ground on which relief is sought does not attack the substance of a court's resolution of a claim on the merits[.]" *See Arrieta v Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). Rule 60(b)(6), known as the "catchall clause," authorizes relief from judgment for any other reason—not included in Rule 60(b)(1)-(5)—that justifies relief, and may be granted only under extraordinary circumstances. *See Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (explaining movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" to justify reopening of final judgment; *such circumstances rarely occur in habeas context*).

Here, petitioner vies the ground for reopening his amended judgment is an alleged sentencing enhancement error.[1] However, the Court agrees with the government and construes the instant Rule 60(b)(6) motion as a successive § 2255 petition for habeas relief—filed without first obtaining permission from the

---

[1] Petitioner argues his base offense level under the § 2D1.1(a)(2) enhancement guideline should have been proven "beyond a reasonable doubt" as modified by *Lawler. See Lawler*, 818 F.3d at 285 ("holding that §2D1.1(a)(2) applies only when a resulting death (or serious bodily injury) was an element of the crime of conviction, proven beyond a reasonable doubt or admitted by the defendant").

Seventh Circuit Court of Appeals, and one which is subject to immediate dismissal.[2] *E.g.*, *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (stating unless court of appeals has given approval for filing, district court must dismiss second or successive habeas petition). The Court's conclusion is supported by petitioner's very own assertion explaining failure to raise the *Lawler* issue on direct appeal. In other words, petitioner admitted he was unable to previously raise the instant matter "pre-*Lawler*" because—at the time of his sentencing—§ 2D1.1(a)(2) enhancement was analyzed under a different standard.[3,4] *Cf. Lawler*, 818 F.3d at 284 (the holding in *Lawler* changed prior relevant offense conduct determination for § 2D1.1(a)(2) death-resulting sentence enhancement from "preponderance of the evidence" to "beyond a reasonable doubt").

Under *Castro v. United States*, 540 U.S. 375 (2003), "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Id.* at 381. Therefore, the Court places petitioner's "self-styled" Rule 60(b) motion in the category of successive § 2255 petitions since the motion directly challenges the legitimacy of the rendered sentence, *see Guyton v. United States*, 453 F.3d 425,

---

[2] Petitioner's first § 2255 petition was denied by this Court October 7, 2014, *see* Doc. 29. Petitioner's second § 2255 petition was denied by the Seventh Circuit March 27, 2015, *see* Doc. 47-1.

[3] Petitioner stated, "[h]owever, in this case a direct appeal would have been fruitless because 2D1.1(a)(2) applied as an enhancement was Seventh Circuit precedent at the time of the Hatfield's re sentencing (sic)" (Doc. 50 at 8).

[4] Moreover, petitioner is procedurally defaulted from raising the *Lawler*-modification claim because, generally, issues not raised on direct appeal are prohibited from being raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *see, e.g. Farmer v. United States*, 867 F.3d 837, 842 (7th Cir. 2017) (stating new issues on appeal must overcome procedural default).

426-27 (7th Cir. 2006) (explaining substance of party's submission takes precedence over form; any motion filed in district court that imposed sentence and is substantively within scope of § 2255 is a motion under § 2255 no matter what title inmate plasters on the cover), and falls squarely under the Antiterrorism and Effective Death Penalty Act's requirement of being dismissed. *See Gonzalez*, 545 U.S. at 529-30 ("any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence").[5]

Although petitioner maintains defense counsel preserved the § 2D1.1(a)(2) enhancement issue by objecting during sentencing; in order to adequately preserve a claim for appellate review, said claim must be raised ***both at trial and on direct appeal***—a requirement petitioner failed to accomplish.[6] *See Murray v. Carrier*, 477 U.S. 478, 491 (1986) (explaining defendants are required to initially raise all legal claims on direct appeal not post-conviction review). Further, petitioner has neither demonstrated "cause" nor "actual prejudice" in order to gain access to procedural default exceptions. *See United States v. Kovic*, 830 F.2d 680, 683.

---

[5] The Court notes that neither *Lawler* nor *Krieger* announce a new and retroactive rule of constitutional law.

[6] Defense counsel objected to the absence of a jury finding as to the evidentiary standard of proof regarding the victims' death, however, at the time, the holding in *Lawler* did not exist. Therefore, defense counsel's contemporaneous objection does not apply.

**III. CONCLUSION**

Based on the foregoing, petitioner's Motion for Relief from Judgment pursuant to Rule 60(b)(6) (Doc. 50) is **DENIED** for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "*[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*" *Id.* (emphasis added).

Further, petitioner is **WARNED** his brother, Rex Hatfield, is unauthorized to practice law and may not represent petitioner in legal proceedings, even if he possesses petitioner's power of attorney. In the future, all *pro se* documentation and pleadings must be submitted by petitioner, not his brother.

**IT IS SO ORDERED**.

Digitally signed by
Judge David R.
Herndon
Date: 2017.11.08
12:24:39 -06'00'

**UNITED STATES DISTRICT JUDGE**